Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000373
30-APR-2015
08:20 AM

NO. CAAP-14-0000373

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LEO LAPKUNG SETO,
Plaintiff-Appellee,
v.
CHARLES LEGG III,
Defendant-Appellant
and
DOLORES WATTS, JOSHUA M. HUBBS, JOHN DOES,
Defendants


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3RC 13-1-597K)


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding J., Fujise and Ginoza, JJ.)

Pro se Defendant-Appellant Charles Legg III (**Legg**) appeals from the "Judgment for Possession" (**Judgment**) and "Writ of Possession" (**Writ**) both entered on January 13, 2014 in the District Court of the Third Circuit, North and South Kona Division[1] (**district court**).

On appeal, Legg contends that he was not served with "lawful due process" and therefore the Judgment and Writ entered against him constitute a "void court order of a void judgment."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to

---

[1]     The Honorable Joseph P. Florendo Jr. presided.

the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Legg's appeal is without merit.

Legg's opening brief does not meet the requirements of Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b). Legg's opening brief lacks a concise statement of the case with citation to the record; a concise statement of the points of error that clearly identifies the alleged error and includes record cites to reflect where the error occurred; a Standard of Review section; or an argument section containing citations to authorities or parts of the record. See HRAP Rule 28(b). Non-compliance with HRAP Rule 28 is sufficient grounds to dismiss Legg's appeal. See HRAP Rule 30 ("When the brief of an appellant is otherwise not in conformity with these rules, the appeal may be dismissed . . . ."); see also Bettencourt v. Bettencourt, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) However, in light of Legg's pro se status, we will address his arguments where they can be reasonably discerned. See Wagner v. World Botanical Gardens, Inc., 126 Hawai'i 190, 193, 268 P.3d 443, 446 (App. 2011).

Legg contends on appeal that "no Law Full Due Process was ever lawfully served on the Lawful Owner Charles B. Legg3rd(III)" and thus, the district court had no jurisdiction over him. Specifically, Legg contends the district court erred in entering default judgment against him because he was not provided notice of the hearings and was not provided an opportunity to present evidence of his ownership of the property at issue (**Property**).

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objection." Romero v. Star Markets, Ltd., 82 Hawai'i 405, 412, 922 P.2d 1018, 1025

(App. 1996) (quoting <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314 (1950)). The requirement of reasonable notice is regarded as part of the due process limitations to the jurisdiction of a court. <u>See id.</u> Thus, "[t]o acquire jurisdiction over the person, a court must serve on the person a document, 'such as a summons, notice, writ, or order.'" <u>Id.</u> (quoting <u>McGuire v. Sigma Coatings, Inc.</u>, 48 F.3d 902, 907 (5th Cir. 1995)).

Legg was served pursuant to District Court Rules of Civil Procedure (**DCRCP**) Rule 4(d)(1)(i), which states that service shall be made

> [u]pon an individual other than an infant or an incompetent person, . . . by delivering a copy of the summons and the complaint to that individual personally or in the case the individual cannot be found by leaving copies thereof at the individual's dwelling house or <u>usual place of abode with some person of suitable age and discretion then residing therein</u> . . . .

(Emphasis added.)

The "Return of Service; Acknowledgment of Service," (**Return of Service**) filed on November 8, 2013, states that on November 7, 2013 at 5:10 p.m., "[a]fter due and diligent search and inquiry, [the server] served the named party [Legg] through Dolores Watts [(**Watts**)] a person of suitable age and discretion then residing at said party's usual place of abode, since the party could not be found." The Return of Service indicates that Watts was given both the complaint and summons. In addition, Watts' affidavit indicates that she was born on July 29, 1930, considered herself of sound mind, and had resided at the Property since July 2006. On appeal, Legg does not dispute that the Property was his "usual place of abode" nor does he dispute that Watts was a "person of suitable age and discretion then residing therein." Accordingly, we accept as undisputed the facts contained within the Return of Service and hold that Legg was properly served under DCRCP Rule 4(d)(1)(i).

Therefore,

IT IS HEREBY ORDERED that the January 13, 2014 "Judgment for Possession" and January 13, 2014 "Writ of

3

Possession," both entered in the District Court of the Third Circuit, North and South Kona Division are affirmed.

DATED:  Honolulu, Hawaiʻi, April 30, 2015.

On the briefs:

Charles Legg III
Defendant-Appellant pro se.

Robert D. Triantos
(Carlsmith Ball)
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge